IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KARYN ANN LEE,

                                                    OPINION AND ORDER

                Plaintiff,

                                                    13-cv-189-bbc

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        This is an appeal of an administrative decision denying plaintiff Karyn Ann Lee's claim under the Social Security Act, 42 U.S.C. § 405(g), for disability benefits and supplemental security income. The administrative law judge found that plaintiff suffered from a severe impairment in the form of "degenerative spinal changes" but that she was not disabled because she retained the ability to perform past jobs she had as a "dispatcher/gate tender/security monitor" and "shelter coordinator."

        Plaintiff argues that the administrative law judge erred by finding that "the Claimant could perform sedentary work" and that "his decision was supported by the vocational expert's testimony." Plt.'s Br., dkt. #11, at 1. Because these are plaintiff's only arguments and they rely on a misunderstanding of the administrative law judge's findings and the vocational expert's testimony, I am affirming the decision.

1

OPINION

A.  <u>Residual Functional Capacity Assessment</u>

Plaintiff says that the administrative law judge found that she "could perform the full range of sedentary work," which she says is inconsistent with the opinion of her treating physician, Marc Durette, as well as radiological evidence and her own testimony. Plt.'s Br., dkt. #11, at 3. The first problem with this argument is that it mischaracterizes the administrative law judge's finding. The administrative law judge stated that plaintiff could perform sedentary work "that would allow for changes in position (sit/stand) as needed." AR 27. Plaintiff simply ignores that qualifier in the administrative law judge's decision and has not shown that the administrative law judge's actual assessment is incorrect.

With respect to the treating physician's opinion, Dr. Durette found that plaintiff could lift ten pounds occasionally, sit for 15 minutes at a time, stand for 10 minutes at a time and walk one block but could not bend repeatedly, AR 555, which is consistent with the administrative law judge's decision. Under the regulations and agency rulings, sedentary work "involves lifting no more than 10 pounds at a time," 20 C.F.R. § 404.1567(a), and no more than occasional walking or bending. SSR 83-14. Although the regulations do not say how long a person doing sedentary work should be able to walk, the commissioner cites <u>Kapusta v. Sullivan</u>, 900 F.2d 94, 96 (7th Cir. 1989), in which the court held that a person who could "walk a block or two" could do sedentary work. Although the full range of sedentary work would require plaintiff to sit more than 15 minutes at a time, the administrative law judge's additional limitation of allowing plaintiff to alternate between

sitting and standing as needed would accommodate that part of Durette's opinion.

With respect to the radiological findings, plaintiff lists the results of her lumbar myelogram, a CT of her lumbar spine and two MRIs, but she does not explain how any of these results are inconsistent with the administrative law judge's finding, so she has forfeited that argument. Finally, with respect to her own testimony, plaintiff points to statements that she cannot lift more than ten pounds, that she can stand for about 10 minutes and that she can sit for about 20 to 30 minutes, AR 80-82, but, again, she does not even attempt to explain how her testimony is inconsistent with the administrative law judge's decision. Accordingly, I conclude that plaintiff has failed to show that the administrative law judge's residual functional capacity assessment is not supported by substantial evidence. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971).

### B. Vocational Expert

At the end of her brief, plaintiff says that the "vocational expert never testified that the Claimant could perform her past relevant work." Plt.'s Br., dkt. #11, at 7. Again, that is inaccurate. The vocational expert testified that plaintiff's past jobs as a shelter coordinator, dispatcher and gate tender are classified by the Dictionary of Occupational Titles as sedentary work. AR 90. In addition, she said that each of the jobs would permit a person to alternate between sitting and standing as needed. AR 91. Because plaintiff does not challenge that testimony and it is consistent with the administrative law judge's residual functional capacity assessment, the administrative law judge was entitled to rely on the

testimony to find that plaintiff could perform her past relevant work.

## ORDER

IT IS ORDERED that plaintiff Karyn Ann Lee's motion for summary judgment is DENIED and the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, is AFFIRMED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 25th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge